# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DANIEL CHRISTOPHER MORGAN,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:20CV00579 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **COMMOWEALTH OF VIRGINIA,** ) | By: James P. Jones |
| **DEPARTMENT OF CORRECTIONS,** ) | United States District Judge |
| ) | |
| Defendants. ) | |

*Daniel Christopher Morgan, Pro Se Plaintiff.*

The plaintiff, Daniel Christopher Morgan, a Virginia jail inmate proceeding pro se, filed this action under 42 U.S.C. § 1983. In his Complaint, he alleges that while confined at Wallens Ridge State Prison, his constitutional rights have been violated in various ways. I conclude that the action must be summarily dismissed for failure to state a claim.

Morgan's Complaint raises numerous, unrelated claims without providing details about how individual prison officials were involved in the alleged violations:

1. In 2018, someone interfered in unspecified ways with Morgan's incoming and outgoing mail, a problem that hampered his ability to complete filings under the Uniform Commercial Code ("UCC");

2. In 2018, an officer threatened to confiscate Morgan's mail if he continued making filings under the UCC;

3. Morgan was denied access to the grievance procedures;

4. Officials did not provide Morgan certain favorable classification changes;

5. In the spring of 2019, Morgan was denied proper shoes;

6. In June of 2019, Morgan was attacked by inmate gang members, but was still charged with a disciplinary infraction for the incident;

7. Morgan started a new prison job, but was immediately let go and was told not to question why;

8. In August of 2019, Morgan suffered food poisoning from items purchased at the commissary and was delayed in getting medical care;

9. In November of 2019, Morgan had personal property items lost or damaged;

10. In December of 2019, one official told another to remove Morgan from his prison job and threatened that Morgan would never get another job;

11. In January of 2020, a captain threatened Morgan after he filed complaints about his visitation list, his lost job, and his damaged property;

12. In March of 2020, Morgan received a disciplinary charge because he had damaged his state-issued shower shoes; and

13. In April of 2020, Morgan received a disciplinary charge after his female visitor exposed herself to him during a video visit.

Compl. 3–10, ECF No. 1.  As relief, Morgan seeks monetary damages, correction of his estimated release date, and a facility transfer.

Under 42 U.S.C. § 1997e(c)(1), the court may summarily dismiss a § 1983 action brought by a prisoner about prison conditions if the court concludes that it "is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights.  *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).  A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarrantano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

The only defendants Morgan has named in this case are the Commonwealth of Virginia and the Department of Corrections ("VDOC").  "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Thus, Morgan cannot proceed with his § 1983 claims against the Commonwealth.  The same rule applies to "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70.  Because the VDOC is properly considered an arm of the Commonwealth, it cannot be sued under § 1983 either.  Because Morgan

cannot proceed against the only defendants he has named, I will summarily dismiss the action without prejudice under § 1997e(c)(1) as legally frivolous. Such a dismissal leaves Morgan free to refile his claim in a new and separate civil action if he can correct the deficiencies described in this opinion.[1]

    A separate Final Order will be entered herewith.

                            DATED:  November 23, 2020

                            /s/  JAMES P. JONES
                            United States District Judge

---

[1] Should Morgan decide to refile his claims, he is hereby advised that his current Complaint has some deficiencies (other than not naming defendants subject to being sued under § 1983) that he must correct in a new case. Here, he is attempting to bring thirteen claims in one case concerning events that occurred at different time periods, many of which are unrelated to each other and involve different individuals who might be named as defendants. This stacking of unrelated claims against multiple defendants is not consistent with the Federal Rules of Civil Procedure governing the joinder of claims and defendants in a single lawsuit.

    Rule 18(a) of the Federal Rules of Civil Procedure allows a plaintiff to join as many claims as the party has against *an* opposing party. Under this rule, Morgan could bring claims against medical staff members who denied him access to medical care on two occasions. He could not bring a medical claim against defendants A and B and a property claim against defendants C and D. Rule 20 allows the joinder of claims against several defendants in one case *only* if the claims arose out of the same transaction or occurrence, or a series thereof, and contain a question of fact or law common to all the defendants. As I stated, Morgan's Complaint as it stands does not comply with this rule, because it includes claims about unrelated events separated by months and even years. Should Morgan decide to refile one or more of his claims, he must bring only properly joined claims in a single lawsuit.

    Another problem with Morgan's Complaint is that he does not provide specific facts about what actions individual prison officials took that violated his constitutional rights. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).